Argued and submitted December 5, 1984, reversed and remanded for reconsideration
April 10, 1985

HARTWICK,
*Petitioner,*

*v.*

ADULT & FAMILY SERVICES DIVISION,
*Respondent.*

(UZX152-9; CA A31411)

698 P2d 59

Terry Ann Rogers, Portland, argued the cause for petitioner. With her on the briefs was Amy Veranth, Portland.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

JOSEPH, C. J.

### JOSEPH, C. J.

Petitioner appeals from an Adult and Family Services Division order denying her request for a hearing. We reverse and remand.

The facts stated in petitioner's brief are accepted by the state as adequate for review. On December 6, 1983, AFSD mailed a Notice of Planned Action, informing petitioner that her Aid to Dependent Children grant would be reduced for three months for failure to cooperate with the Jobs Program by missing appointments with her caseworker, Duyn. She went to see Duyn and told him that she did not agree with the reduction notice and that she had missed the appointments because her November benefits check had been stolen and because she was experiencing other personal problems. He indicated that he would consider lifting the sanctions once her story was verified. She gave him the name of an employer who would verify her personal problems and also gave him the case number of the police report regarding the theft of the check that she had filed with the Multnomah County Sheriff's Department. When petitioner left the meeting, she believed that there was no longer a need to file a request for a hearing. Duyn made some attempts to verify petitioner's story, but he took no other action. He never informed petitioner that the sanctions would not be lifted. She learned that only when she received a reduced check for February.

On February 2, 1984, she filed an administrative hearing request. An AFSD hearings officer denied the request, because it was made after the 30-day period provided by OAR 461-09-000(4).[1] The hearings officer explained that, although the agency has a policy to excuse late filings for good cause, he did not consider petitioner's situation to fall within that exception. He also noted that good cause is not defined by rule and that "when I am asked to determine good cause, I must assume that you expect me to use my good judgment when making such a determination."

---

[1] OAR 461-09-000(4) provides:

"A 'request for a hearing' is a written expression received by the Division within 30 days from the date of notice on an Administrative Hearing Request form completed by the claimant or by any person acting in his/her behalf, describing the agency action or issue he/she desires to contest."

■■ A challenge to AFSD's decision to reduce benefits would be a contested case proceeding. ORS 183.310(2)(a). The denial of petitioner's request for a hearing is part of that proceeding.

ORS 183.470 provides:

"In a contested case:

"(1) Every order adverse to a party to the proceeding shall be in writing or stated in the record and may be accompanied by an opinion.

"(2) A final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order.

"(3) The agency shall notify the parties to a proceeding of a final order by delivering or mailing a copy of the order and any accompanying findings and conclusions to each party or, if applicable, the party's attorney of record.

"(4) Every final order shall include a citation of the statutes under which the order may be appealed."

In this case, the agency's order set out in the margin[2] is

---

[2]
"March 22, 1984

"Terry Ann Rogers, Attorney-at-Law
"Legal Aid Service
"900 Board of Trade Building
"310 S.W. Fourth Avenue
"Portland, OR 97204

"Dear Ms. Rogers:

"Re: Barbara Hartwick

"I am sorry to have taken so long in making a decision on this case. I shared your letter of February 29, 1984, with the East Portland Branch Office. In turn, I will share their response with you. I don't see that either side is persuasive.

"The question before me is, did Ms. Hartwick have good cause for requesting her hearing beyond 30 days as provided by the OAR. The OAR does not set out good criteria. Therefore, when I am asked to determine good cause, I must assume that you expect me to use my good judgment when making such a determination. In this case the hearing request was filed 27 days beyond the 30-day limit. The reason given was the theft of the November check. I do not think that this is 'good cause' for waiting until February to file a hearing request.

"It would appear that Ms. Hartwick had opportunity to resolve the issue of whether she should request a hearing during the month of December and that she

deficient, because it does not contain findings of fact and conclusions of law. The order is inadequate under ORS 183.470 for judicial review under ORS 183.482.

Reversed and remanded for reconsideration.

---

failed to follow through in a reasonable way in meeting her responsibility to request a hearing within 30 days of notice.

"We, therefore, will not grant a hearing in this matter."